**CLARKE v. HUFF et al.**

No. 9469.

United States Court of Appeals
District of Columbia.

Argued Nov. 20, 1947.

Decided Dec. 22, 1947.

Mr. Otho D. Branson, of Washington, D. C., with whom Mr. Emerson W. Browne, of Washington, D. C., was on the brief, for appellant.

Mr. George H. Windsor, of Washington, D. C., for appellee Huff.

Mr. Thomas S. Jackson, of Washington, D. C., entered an appearance for appellee District Title Ins. Co.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate justices.

## PER CURIAM.

Appellant filed a civil action in which he sought to have the court remove a mechanic's lien from the records in the office of the Clerk of the District Court as a cloud upon the title to his property. The District Court dismissed the action, upon motion, upon the ground that it had no jurisdiction to enter an order removing a mechanic's lien as a cloud on a title.

█ Title 38 of the District of Columbia Code provides a procedure by which a mechanic's lien is to be removed from the records. Suit to enforce the lien must be begun within specified periods, or else the lien ceases to exist.[1] If such an action be brought, the owner may pay into court the amount claimed, plus interest and costs, or he may file a bond, in either of which events the property is released from the lien.[2] Such an undertaking may be offered before the suit is brought.[3] Since the statute provides a specific procedure to remove liens, another form of action for that purpose may not be brought.

Appellant, admitting the foregoing as correct under ordinary circumstances, contends that he was without funds either to pay the amounts into court or to secure a bond, and that the delay incident to the ordinary procedure would cause him irreparable damage in that he now has an opportunity to sell his property, except for the pending lien. However, in his complaint he alleged that he had deposited sufficient money to cover the lien at the District Title Insurance Company. He has, therefore, no basis, upon his complaint, to make the contention he makes.

█ Appellant alleges that the defendant contractor did no work upon one of the two lots upon which the lien was placed, and he contends that there was, therefore, jurisdiction in the court to remove that lien as a cloud on the title. However, the statute provides that the lien may be placed not only for work done but for materials furnished. Appellant did not allege in his complaint that no materials were furnished for the improvement of this lot.

Affirmed.

---

[1] D.C.Code 1940, § 38—115.
[2] D.C.Code 1940, § 38—118.
[3] D.C.Code 1940, § 38—119.